IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTONIO ESTRADA, #QN7083,** : | Civil No. 3:21-cv-1955 |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **TINA LITZ, Warden, et al.,** : | |
| : | |
| **Defendants.** : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is a report and recommendation of Magistrate Judge Saporito (Doc. 11) in which he recommends that the court dismiss this action for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). In response, Petitioner Antonio Estrada filed a Notice of Appeal (Doc. 12), which the court will construe as objections to the report and recommendation. For the reasons set forth below, the objections will be overruled, and the report and recommendation will be adopted.

**I.     Legal Standard**

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).  Although the standard is *de novo*, the extent of

review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## II. Discussion

In his *pro se* complaint, Estrada alleges that on September 27, 2021, he and Defendant James McIntyre, a correctional officer at Lebanon County Correctional Facility, got into a verbal altercation concerning a request by Estrada for access to a can of disinfectant spray so he could use a set of electric beard trimmers for personal hygiene. During the altercation, McIntyre allegedly spit in Estrada's face, and thereafter, Estrada was charged with a disciplinary infraction for disobeying a direct order. He was transferred to the prison's special housing unit ("SHU") for a

disciplinary lockup, pleaded guilty, and was sanctioned with fifteen days of confinement in the SHU. Estrada claims that he was infected with COVID-19 as a result of being spit on by Defendant McIntyre, and that these events exacerbated his pre-existing mental health conditions. As a result of these events, Estrada filed a federal civil rights action against Defendant McIntyre, Warden Tina Litz, Deputy Warden Michael Ott, and Deputy Warden A. Rebecca Davis.

The court has reviewed the report and recommendation and is satisfied that it contains no clear error. Magistrate Judge Saporito aptly summarized cases to support his findings that a single instance of a correctional officer spitting in an inmate's face does not constitute excessive force in violation of the Eighth Amendment, and further, that mere placement in the SHU for a disciplinary infraction does not constitute a violation of the Eighth Amendment. (*See* Doc. 11, pp. 3-4.)

In addition, Estrada has not presented any allegations of personal involvement against the warden or deputy wardens in their individual or official capacities, nor has he identified an official policy or custom that allegedly supported McIntyre's actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

Finally, to the extent Estrada asserts that he did not receive proper medical treatment for his suspected COVID-19 infection or for the deterioration in his mental

health, these claims also fail. In order to establish an inadequate medical treatment claim under the Eighth Amendment, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). As explained by the Third Circuit, "claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse*, 182 F.3d at 197. Rather, for "[t]o act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Farmer v. Brennan*, 511 U.S. 825, 836 (1970)). "Under [this] recklessness standard, 'prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk.'" *Id.* (quoting *Farmer*, 511 U.S. at 844).

The Third Circuit has found deliberate indifference to exist in various scenarios including where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; (3) prevents a prisoner from receiving needed or recommended medical treatment. . . . [or (4)] persists in a

4

particular course of treatment in the face of resultant pain and risk of permanent injury." *Rouse*, 182 F.3d at 197 (citations and quotations marks omitted).

In sum, if alleged inadequate care "was a result of an error in medical judgment," then Estrada's claims fail. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). If, however, the failure to provide adequate care was deliberate, and motivated by non-medical factors, then his claims are actionable.

A review of the allegations both within Estrada's complaint and in his subsequent objections reflect his dissatisfaction with the medical care provided by the prison. The allegations, however, do not support an inference that the prison officials were in any way indifferent to his medical needs. On the contrary, Estrada acknowledges that he received Ibuprofen to treat his flu-like symptoms, and that he is being treated with psychiatric medication. Estrada's mere disagreement with these courses of treatment is insufficient to plausibly allege a constitutional violation.

Accordingly, for all these reasons, the court agrees with Magistrate Judge Saporito's recommendation that the court dismiss this action for failure to state a claim. The court also agrees that it is clear from the facts alleged in the *pro se* complaint and the exhibits attached thereto, as well as from the objections, that any amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). "Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d

159, 175 (3d Cir. 2010). "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Id.* (quoting *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)). Thus, in determining whether an amendment would be futile, the court applies the same standard as it applies in determining whether a complaint fails to state a claim upon which relief can be granted under Federal Rule of Procedure 12(b)(6). *Id.* "In other words, '[t]he District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff.'" *Id.* (quoting *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007)). Here, Estrada's complaint entirely fails to state a claim and any amendment would be futile.

III. **Conclusion**

For the foregoing reasons, the court will deny Petitioner's objections and adopt the report and recommendation. An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: May 30, 2023